# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.T.-1 and W.C.**

**No. 19-0353** (Randolph County 17-JA-085 and 17-JA-092)

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.T.-2, by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's March 8, 2019, order terminating her parental rights to T.T.-1 and W.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in finding that petitioner failed to successfully complete her post-adjudicatory improvement period, denying her motion for a post-dispositional improvement period, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2017, the DHHR filed a child abuse and neglect petition alleging that petitioner's substance abuse negatively affected her ability to parent four-year-old T.T.-1. The DHHR alleged that petitioner abused buprenorphine without a valid prescription and that her boyfriend sold and abused methamphetamine in the home. The DHHR further alleged that petitioner was pregnant and was not receiving proper prenatal care. In November of 2017, the DHHR amended its petition following the birth of W.C. The DHHR alleged that petitioner and the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because a child and petitioner share the same initials, we refer to them as T.T.-1 and T.T.-2, respectively, throughout this memorandum decision.

1

child tested positive for Suboxone at the time of delivery and that petitioner could not provide a valid prescription for the same.

In November of 2017, petitioner stipulated to adjudication, and the circuit court adjudicated the children as neglected children and petitioner as an abusing parent. Thereafter, petitioner was granted a post-adjudicatory improvement period. The terms of that improvement period required petitioner to participate in a psychological evaluation, individual counseling, a drug and alcohol assessment, parenting and adult life skills, supervised visitations, and random drug screening. Additionally, petitioner was required to maintain financial stability and a suitable home with no inappropriate individuals in the home.

The circuit court held multiple review hearings regarding petitioner's improvement period from January of 2018 to May of 2018. As a result of evidence presented during these hearings, the circuit court found that petitioner was only partially compliant with her improvement period. However, the circuit court, hearing no objections, continued petitioner's improvement period. In May of 2018, petitioner's post-adjudicatory improvement period was extended for ninety-days. During this extension, the circuit court held two review hearings, and the DHHR reported that petitioner was not fully complying with services. In October of 2018, the DHHR asserted that petitioner's improvement period expired and was unsuccessful. Petitioner requested a second extension of her improvement period. The circuit court scheduled an evidentiary hearing regarding the success of petitioner's improvement period.

In January of 2019, the circuit court held a hearing and heard evidence that petitioner did not fully participate in her improvement period. Testimony established that petitioner participated in 113 random drug screenings and was positive for controlled substances, other than her prescribed buprenorphine, on four occasions. The most recent positive drug screen was in October of 2018, after the DHHR had provided petitioner with services for eleven months. Further testimony showed that petitioner missed four individualized parenting classes, but was otherwise generally compliant with the provider. In regard to supervised visitation, petitioner attended only half of the scheduled visits. Petitioner admitted that four months was her longest period of sobriety during the proceedings and acknowledged that she failed to participate in random drug screening since early December of 2018. Ultimately, the circuit court found that petitioner was not successful in her post-adjudicatory improvement period due to her partial compliance with services; however, the circuit court directed that the DHHR continue to provide petitioner services until the dispositional hearing.

The circuit court held the final dispositional hearing in February of 2019. According to the testimony presented, a multidisciplinary team ("MDT") meeting was held in early February. During the MDT meeting, the parties expressed concern regarding petitioner's recent lack of consistent drug screening, and, in response, petitioner agreed to submit to a drug screen every day until the final dispositional hearing. However, at the dispositional hearing, petitioner testified that she did not submit to any further drug screening following the MDT. The circuit court found that petitioner participated in only two drug screens since the hearing in January of 2019. Ultimately, the circuit court found that petitioner did not demonstrate that she was likely to fully participate in an additional improvement period and further found that it was not in the children's best interests that she be granted an additional improvement period. Finally, the circuit court found that there

was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, the circuit court terminated petitioner's parental rights by its March 8, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner asserts that the circuit court abused its discretion in finding that she failed to successfully complete her post-adjudicatory improvement period. Petitioner argues that she tested negative for controlled substances 109 times, progressed in parenting and adult life skills classes, and had positive supervised visitations with the children. Further, petitioner states that she maintained stable housing and employment. Therefore, petitioner concludes that she largely participated in the terms of her improvement period and the circuit court ruling was contradictory to the evidence presented and an abuse of discretion. We disagree.

> At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 2, *In re C.M.*, 235 W. Va. 16, 770 S.E.2d 516 (2015). Although petitioner is correct that she made progress in some terms of her improvement period, she failed to successfully address a significant condition of abuse and neglect, her substance abuse. Petitioner participated in a medically assisted substance abuse treatment throughout the proceedings, but admitted to relapsing

---

[2]The children's respective fathers voluntarily relinquished their parental rights during the proceedings below. According to the parties, the permanency plan for the children is adoption by relatives.

four times during the year-long improvement period, despite this treatment. Petitioner's most recent positive drug screen result was in October of 2018, eleven months into her substance abuse treatment. In the face of her continuing issues with substance abuse, petitioner ceased participating in random drug screening prior to the circuit court's hearing to determine if the improvement period was successful, and, therefore, her potential continued substance abuse could not be monitored. Therefore, we find no abuse of discretion in the circuit court's finding that petitioner failed to successfully complete her post-adjudicatory improvement period.

Petitioner also argues that the circuit court abused its discretion in denying her motion for a post-dispositional improvement period, but acknowledges that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). West Virginia Code § 49-4-610(3)(B) provides that a circuit court may grant a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Petitioner asserts that her participation in services was clear and convincing evidence that she would fully participate in a post-dispositional improvement period. We disagree and find no abuse of discretion in the circuit court's ruling.

Following petitioner's improvement period review hearing, she failed to fully participate in services, such as random drug screening. Although she did undergo three drug screens during this time, two of these screens were completed on consecutive dates, which meant petitioner was essentially untested for multiple weeks between early January of 2019 and February of 2019. This is especially concerning given petitioner's history of relapse during these proceedings and directly contradicts petitioner's assertion that she was likely to fully participate in the terms of an additional improvement period. Additionally, because petitioner requested a second improvement period following her unsuccessful completion of the first, she must also show that "[s]ince the initiation of the proceeding . . . [she] experienced a substantial change in circumstances . . . [and] that due to that change in circumstances [she] [was] likely to fully participate in a further improvement period." *See* W. Va. Code § 49-4-610(2)(D). However, petitioner did not address this requirement below or on appeal. Nevertheless, due to petitioner's consistent relapses during the proceedings, there was no substantial change of circumstances that warranted the granting of a second improvement period. Accordingly, we find no abuse of discretion in the circuit court's denial of a post-dispositional improvement period for petitioner.

Finally, we find that the circuit court correctly terminated petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Further, West Virginia Code § 49-4-604(c)(3) describes circumstances in which there is "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" and specifically includes a circumstance in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as

4

evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner failed to remedy her substance abuse during her post-adjudicatory improvement period and, in fact, ceased fully participating in drug screening from December of 2018 until February of 2019. Additionally, petitioner missed approximately half of her visitations with her children, who were four-years-old and newly born when removed from her care. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Petitioner contested some of these missed visitations below, but the evidence showed that several visitations were missed due to petitioner's failure to submit to drug screens in a timely manner. We have long held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. The circuit court provided petitioner multiple opportunities to improve her parenting and, most importantly, treat her substance abuse. Yet, even with the support systems in place and services provided, petitioner could not maintain sobriety and could not correct this condition of abuse and neglect. As petitioner failed to remedy the conditions of abuse and neglect, the children's welfare would continue to be threatened if returned to her care. Accordingly, it was necessary for the children's welfare to terminate petitioner's parental rights. We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Therefore, as the circuit court's findings are fully supported by the record below, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 8, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 8, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison